UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
STRIKE 3 HOLDINGS, LLC,

                      Plaintiff,                           **REPORT & RECOMMENDATION**

   -against-                                                    23 CV 5664 (HG)(LB)

SUAYE BANIGO,

                      Defendant.
-----------------------------------------------------------------

**BLOOM, United States Magistrate Judge**:

Plaintiff Strike 3 Holdings, LLC brings this civil action against defendant Suaye Banigo alleging copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C., § 101 et seq.). Despite proper service of the summons and amended complaint, ECF No. 20, defendant has failed to plead or otherwise defend this action. The Clerk of Court noted entry of defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 31. Plaintiff now moves for a default judgment. ECF No. 33. The Honorable Hector Gonzalez referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment should be granted.

### BACKGROUND[1]

Strike 3 Holdings, LLC ("Strike 3") is a prolific plaintiff in the Eastern District. The self-described "owner of award-winning, critically acclaimed adult motion pictures" has filed more than one thousand cases in this district alone since 2017. ECF No. 28 ["Am. Compl."] ¶ 2. As far as the Court can tell, all the cases filed are for copyright infringement of its videos. While Strike

---

[1] The facts are drawn from the uncontested allegations in plaintiff's amended complaint and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

1

3 Holdings, LLC is a ubiquitous presence on the Court's docket, defendants in these actions are originally sued as "John Does" identified by the IP addresses which plaintiff has captured downloading and distributing its video content through BitTorrent, a peer-to-peer file sharing protocol. After obtaining the Court's leave, subpoenas regarding the identity of the person or entity connected to defendants' IP addresses provide plaintiff with defendants' real names. Generally, at this point, the case takes one of two forks in the road: plaintiff either discontinues the case with little fanfare and without a name ever published on the docket or plaintiff moves for a default judgment a named defendant, like in this case.

Plaintiff commenced this action on July 27, 2023 against John Doe subscriber assigned IP address 68.161.218.138. ECF No. 1. Judge Gonzalez granted plaintiff leave to serve a subpoena on defendant's Internet Service Provider to identify the John Doe. ECF No. 8. On October 16, 2023, plaintiff filed a redacted amended complaint identifying Suaye Banigo as the individual user of the IP address, ECF No. 14, and personally served him with the summons and amended complaint. ECF No. 20. Judge Gonzalez then directed plaintiff to file a public version of the amended complaint with a case caption that reflected defendant's name, see order dated Jan. 17, 2024, which plaintiff did. ECF No. 28. The Clerk noted defendant's entry of default on January 25, 2024. ECF No. 31. Plaintiff filed the instant motion for a default judgment on February 21, 2024. ECF No. 33.

Plaintiff alleges that defendant "downloaded, copied, and distributed" twenty-six of its copyrighted works (the "Films") without permission using the BitTorrent protocol. Am. Compl. ¶ 43. At its most basic, BitTorrent is a peer-to-peer file sharing protocol that allows users to download pieces of a file from different users who have previously downloaded the same file. Id.

¶ 17. The pieces are located and assembled, like a puzzle, into a complete whole by the torrent program using a digital map found in each torrent file. Id. ¶¶ 24, 26.

Each torrent file has a unique hash value that identifies and corresponds to the underlying data—be it a film, program, etc. Id. ¶ 20. After verifying that the hash values for the torrent files at issue corresponded to their copyrighted Films, id. ¶¶ 32-34, plaintiff used a specially-developed program to torrent their own copyrighted Films from other BitTorrent users, logging their IP addresses in the process. Id. ¶ 30. By identifying who sent plaintiff pieces of its copyrighted Films without permission, plaintiff determined who had unlawfully downloaded and distributed that work. Id. ¶¶ 28-30. Plaintiff identified one such user as IP address 68.161.218.138. Id. ¶ 59. In response to plaintiff's subpoena, defendant's provider identified defendant as the subscriber to whom this IP address was assigned. Id. ¶ 54. Plaintiff then reviewed publicly available information (social media, etc) regarding defendant's professional and personal life to confirm that defendant was likely the individual who downloaded the Films. Id. ¶¶ 55-57.

Plaintiff attaches a schedule to its amended complaint setting forth the works defendant copied, their publication dates, and their copyright registration dates and numbers. Am. Compl. Ex. "A.", ECF No. 28-1. The schedule also sets forth the Universal Time Coordinated, the date that plaintiff captured transactions from defendant sharing pieces of the Films, which, in this case, occurred between December 5, 2022 and June 24, 2023. Id.

## DISCUSSION

### I.     Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

3

otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2).

"It is an ancient common law axiom that a defendant who defaults . . . admits all well-pleaded factual allegations contained in the complaint." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (quotation and citation omitted). However, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks and citation omitted). "In determining whether a plaintiff is entitled to default judgment, the court is limited to the non-conclusory, factual allegations in the complaint." Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 78 (E.D.N.Y. 2020) (quotation and citation omitted).

## II. Legal Standard

The Copyright Act generally provides a copyright holder with exclusive rights to copy, reproduce, or otherwise distribute a protected work. 17 U.S.C. § 106; see also Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 668 (2014) ("The Copyright Act . . . grants copyright protection to original works of authorship."). "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Sohm v. Scholastic Inc., 959 F.3d 39, 48 (2d Cir. 2020) (quotation and citation omitted).

Plaintiff makes both showings and therefore establishes defendant's liability under the Copyright Act. As to the first prong, plaintiff alleges that it owns the Films and provides the copyright registration numbers for each. Strike 3 Holdings, LLC v. Doe, No. 23-CV-01648, --- F. Supp. 3d ---, 2024 WL 259770, at *2 (D. Conn. Jan. 24, 2024) (finding substantively identical allegations sufficient to plausibly allege ownership); McGraw-Hill Glob. Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 496 (S.D.N.Y. 2018) (holding that plaintiff plausibly alleged ownership through schedule listing copyright registration numbers, notwithstanding failure to provide Certificates of Registration).

Second, plaintiff plausibly alleges that defendant copied original constituent elements of the Films without authorization. Plaintiff alleges that "[d]efendant copied and distributed the constituent elements of Plaintiff's [Films] using the BitTorrent protocol" without permission or consent. Am. Compl. ¶ 71. Plaintiff identifies each Film's unique hash number, the "IP address from which the file[s] [were] accessed and shared" via BitTorrent, "and the date and time of the infringement." Strike 3 Holdings, LLC v. Doe, No. 17-CV-1680, 2017 WL 5001474, at *3 (D. Conn. Nov. 1, 2017) (quoting Malibu Media, LLC v. Doe, No. 14-CV-4808, 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016)); see also Patrick Collins, Inc. v. John Doe 1, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013) ("Plaintiff has adequately pled a plausible claim of copyright infringement by providing sufficient detail as to the acts the John Doe Defendant took in infringing the copyright, including going to a torrent site; participating in a swarm; and copying a piece of the copyrighted work identified by a unique hash number."). Further, plaintiff alleges specific facts showing that defendant was the user behind the IP address who shared the copyrighted material,

including that defendant works at an information technology firm and therefore likely has the know-how to use torrent software. Am. Compl. ¶ 64.[2]

### III. Relief Under the Copyright Act

### A. Injunctive Relief

Under the Copyright Act, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A court may grant a permanent injunction on a motion for default judgment." Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citations omitted). Here, plaintiff seeks a permanent injunction to enjoin defendant "from continuing to infringe [p]laintiff's copyrighted works" and "requiring [d]efendant to delete and permanently remove the digital media files relating to [p]laintiff's copyrighted works" and "the infringing copies of [p]laintiff's copyrighted works" in his possession, custody, or control. ECF No. 33 at 1-2. It is not clear whether plaintiff seeks injunctive relief covering *all* work copyrighted by plaintiffs or only the Films specifically. The Court construes plaintiff's request as limited to the Films at issue in this suit, as an injunction pertaining to all work copyrighted by plaintiff would be overly broad. See Beastie Boys v. Monster Energy Co., 87 F. Supp. 3d 672, 680 (S.D.N.Y. 2015) (limiting plaintiff's proposed injunction to the copyrighted material at issue in the lawsuit).

"In copyright cases, courts routinely award injunctive relief where liability is established and there is a threat of continuing infringement." Stokes v. MilkChocolateNYC LLC, No. 22 CV 6786, --- F. Supp. 3d ---, 2023 WL 4447073, at *9 (S.D.N.Y. July 11, 2023) (cleaned up). "Once success on the merits is established, 'a plaintiff seeking a permanent injunction must demonstrate:

---

[2] Further information plausibly identifying defendant as the individual who torrented plaintiff's Films in addition to his technology background include that he is the the only adult male occupant of his house and that infringement by the subject IP address ceased shortly after defendant would have learned of plaintiff's subpoena to his internet provider. Am. Compl. ¶¶ 53-57, 66.

6

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" Id. (quoting Salinger v. Colting, 607 F.3d 68, 77-78 (2d Cir. 2010) (alterations omitted)).

Here, plaintiff has established defendant's liability. Plaintiff also establishes that the permanent injunction factors weigh in favor of granting injunctive relief. That defendant can use the BitTorrent protocol to infringe with just a few clicks of his mouse, combined with his profligate use of BitTorrent and past infringement, see am. compl. ¶¶ 60-63, suggest that defendant's infringement will continue in the future absent an injunction. Thus, plaintiff establishes irreparable injury rendering monetary damages insufficient. Strike 3 Holdings, LLC v. Doe, No. 18-CV-5305, 2020 WL 6875260, at *4 (E.D.N.Y. Nov. 12, 2020) (citing Malibu Media, LLC v. Ofiesh, No. 16-cv-202, 2017 WL 2633526, at *3 (N.D.N.Y. June 19, 2017)), adopted by, 2021 WL 21532 (E.D.N.Y. Jan. 4, 2021). The balance of hardships also favors plaintiff. McGraw-Hill Glob. Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) ("It is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product." (cleaned up)). Turning to the fourth factor, it is generally true that "the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." Beastie Boys, 87 F. Supp. 3d at 679. The Court questions, however, the degree to which this rationale applies to plaintiff's pornography, the titles of which are so "ribald" that plaintiff has omitted them from its filings "out of respect for Court personnel." ECF No. 33-1 at

16 n.4.[3] Nevertheless, the public interest is not disserved by a permanent injunction in this matter.[4] Therefore, the factors, taken as a whole, weigh in favor of granting plaintiff a permanent injunction.

Plaintiff's request that the injunction require defendant to destroy all digital media files related to the Films and destroy the copies of the Films in his possession or control should also be granted. See 17 U.S.C. § 503 (providing that a court may order the destruction of unauthorized works that violate the copyright holder's exclusive rights); Strike 3 Holdings, LLC, 2020 WL 6875260, at *5 (granting "request for an injunction directing destruction of Defendant's copies of and digital media files relating to the Films" (citations omitted)), adopted by, 2021 WL 21532 (E.D.N.Y. Jan. 4, 2021).

**B. Damages**

It is well established that a default is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks and citation omitted). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). When formulating a damages award, the Court may consider documentary evidence, affidavits, or evidence gleaned from a hearing on damages. Id. The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary

---

[3] "Plaintiff's motion pictures are distributed through the *Blacked*, *Tushy*, *Vixen*, *Tushy Raw*, *Blacked Raw*, and *Slayed* adult websites and DVDs." Am. Compl. ¶ 3.

[4] The Court notes plaintiff's self-serving assertion that its "motion pictures have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect and like an artist." Am. Compl. ¶ 15; see also ECF No. 33-4 ¶¶ 15, 16 ("Our company's philosophies are important. [. . . ] Empowering the artists -- and especially the women we work with -- is at the core of our company's philosophy.").

evidence" in this case are sufficient. Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

Under the Copyright Act, an infringing defendant may be liable for either actual damages suffered by the copyright's owner or for statutory damages. 17 U.S.C. § 504(a). However, "a copyright holder is not entitled to elect statutory damages . . . if 'any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.'" On Davis v. The Gap, Inc., 246 F.3d 152, 158 n.1 (2d Cir. 2001) (quoting 17 U.S.C. § 412)). Applying that rule here, only two films (identified as "Work 21" and "Work 22") were infringed after the registration date. ECF No. 28-1. The date on which plaintiff recorded defendant's infringement of the other twenty-four of the Films occurred after publication but before registration. Id. Plaintiff is nevertheless entitled to statutory damages for defendant's infringement of all twenty-six Films because all were registered within three months of publication.

The Court next calculates the amount of statutory damages. Plaintiff seeks "damages in the amount of $19,500.00, representing the minimum $750.00 statutory damages award for each of the 26 copyrighted works [d]efendant infringed." ECF No. 33-1 at 32. An award of statutory damages, with respect to a single work, must be set by the Court in an amount between $750.00 and $30,000.00 to be determined "as the court considers just." 17 U.S.C. § 504(c)(1).[5] In cases

---

[5] When determining the "just" amount of statutory damages within the statutory range for copyright infringement, courts consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Rights Prod., Inc., 603 F.3d 135, 144 (2d Cir. 2010) (citing N.A.S. Imp. Corp. v. Chenson Enter., Inc., 968 F.2d. 250, 252–53 (2d Cir. 1992)).

9

where the Court finds the copyright infringement to have been willful, the Court can increase the award to up to $150,000.00. Id. § 504(c)(2).[6]

Absent circumstances not presented by this case, the Court has "no discretion" to award less than the statutory minimum. D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 34 (2d Cir. 1990) (quotation omitted); see 17 U.S.C. § 504(c)(1) (providing that "an award of statutory damages" must be "a sum of not less than $750" for any one work). Therefore, I recommend granting plaintiff's request for the minimum statutory damages of $750.00 for violation of plaintiff's copyrights for each of the twenty-six Films, for a total amount of $19,500.00.

**C. Costs**

"The Copyright Act gives federal district courts discretion to award 'full costs' to a party in copyright litigation." Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 875–76 (2019) (quoting 17 U.S.C. § 505). This authorization "covers only the six categories specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." Id. at 876. "Service and filing fees are costs that the prevailing party may recover as a matter of course under 28 U.S.C. § 1920[.]" Joe Hand Promotions, Inc. v. Levin, No. 18-CV-9389, 2019 WL 3050852, at *6 (S.D.N.Y. July 12, 2019) (quotation and citation omitted).

Plaintiff requests $707.00 in costs for the $402.00 filing fee and $305.00 for service of the Summons and Complaint on defendant. ECF No. 33-2 ¶¶ 44(f). The Court may take judicial notice of the $402.00 filing fee and has verified plaintiff's payment of the fee on the docket. See Feltzin v. Union Mall LLC, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019) ("Filing fees are recoverable without supporting documentation if verified by the docket." (citations omitted)). Additionally,

---

[6] Although plaintiff alleges that defendant's infringement was willful, see am. compl. ¶ 74, the Court does not need to decide this issue as plaintiff requests the minimum statutory damages award for each copyrighted Film.

plaintiff submitted invoices reflecting a total of $305.00 in service fees. ECF No. 33-2 at 9-15. Accordingly, I recommend that the Court should award plaintiff $707.00 in costs.

### D. Post-Judgment Interest

Finally, plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. ECF No. 33-1 at 24. "Pursuant to 28 U.S.C. § 1961(a), the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017) (cleaned up). The Court is required to award post-judgment interest. Id. (citation omitted). Accordingly, I recommend that the Court should award plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until the date defendant satisfies the judgment.

## CONCLUSION

It is respectfully recommended that plaintiff's motion for a default judgment against defendant, ECF No. 33, should be granted. A default judgment should be entered against defendant Suaye Banigo in the amount of $20,207.00 reflecting $19,500.00 in statutory damages under the Copyright Act and $707.00 in costs. Plaintiff should also be awarded post-judgment interest at the statutory rate from the date judgment is entered until the date defendant satisfies the judgment. I further recommend that the Court should issue a permanent injunction prohibiting defendant from infringing on the Films and requiring defendant to destroy all digital files related to the Films and all copies of the Films that are in his possession, custody, or control. Plaintiff is hereby ordered to serve a copy of this Report upon defendant at his last known address and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                                                         /S/
                                                                                                     LOIS BLOOM
                                                                                              United States Magistrate Judge

Dated: April 8, 2024
       Brooklyn, New York